1  **Law Offices of Brian C. Ostler, Sr.**
A Professional Corporation
2  Brian C. Ostler, Sr., Esquire C.S.B.# 183935
558 South Harbor Boulevard, Suite 1000
3  Anaheim, California 92805-4518
Phone: (714) 535-9900 Fax: (714)520-8440

FILED
NOV 28 2005
CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY _____ Deputy Clerk

Attorney for Plaintiff/Creditor
MARC G SHAPIRO

### UNITED STATES BANKRUPTCY COURT
### CENTRAL DISTRICT OF CALIFORNIA
### LOS ANGELES DIVISION

| | |
|---|---|
| *In re* | CASE NO.: LA 05-118440-ES |
| BRUCE DWAIN COPELAND, | CHAPTER 11 |
| *Debtor,* | **OPPOSITION TO DEBTOR BRUCE D. COPELAND'S MOTION TO AVOID LIENS PURSUANT TO 11 U.S.C. § 522(f); MEMORANDUM OF POINTS AND AUTHORITIES.** |
| | DATE: December 6, 2005 |
| | TIME: 10:30AM |
| | PLACE: Courtroom 1645 |
| | 255 East Temple St |
| | Los Angeles, CA 90012 |

NOW COMES **MARC SHAPIRO** with his **OPPOSITION** to DEBTOR BRUCE D. COPELAND'S MOTION TO AVOID LIENS PURSUANT TO 11 U.S.C. § 522(f). "homestead exemption" and "fraudulent transfer"

This OPPOSITION will be based on this notice, the memorandum of points and authorities set forth below, the complete files and records in this action, and whatever oral and documentary evidence may be presented at the hearing on this matter.

The moving party is hereby NOTIFIED that any reply to the opposition shall be filed with the court and served on the opposing party not later than 7 calendar days (not excluding Saturdays, Sundays, and legal holidays) prior to the hearing on the motion.

///

1

*In re: Copeland., Case #LA 05-118440-ES:* **OPPOSITION TO MOTION TO AVOID LIENS**

# MEMORANDUM OF POINTS AND AUTHORITIES

## 1. THE DEBTOR CANNOT CLAIM AN EXEMPTION AS OF THE PETITION DATE ON PROPERTY HE ADMITS HE DID NOT OWN AS OF THE PETITION DATE

Bruce Copeland claims to live at 1541 W 218th Street in Torrance, CA. As of January 13, 2002, 1541 W 218th Street was community property owned by Bruce Copeland and his wife Kimberly. On January 14, 2002, Bruce Copeland quitclaimed his interest in 1541 W 218th Street to his wife Kimberly, although he continued to use said property as his principle residence. On March 31, 2005, after being advised by counsel that the January 14 quitclaim deed was a fraudulent transfer and therefore avoidable under federal bankruptcy law, Bruce and Kimberly Copeland executed a "Stipulation to Avoid Fraudulent Transfer and to Preserve Transfer for the Benefit of the Estate." That stipulation was approved by the Court on April 7, 2005.

Although Copeland's fraudulent transfer has been avoided pursuant to the March 31 stipulation, the fact remains that the fraudulent transfer occurred, and that fact cannot simply be ignored. Nor can the fact be ignored that on January 31, 2005 when the petition was filed, legal (if not necessarily equitable) title to the property in question lied with Kimberly Copeland alone. As if to underscore that point, on April 7, 2005 Bruce Copeland filed an amended "Schedule A" with the Court (a true and correct copy of which is attached at Exhibit 1), in which he characterized the 1541 W 218th Street property as "Property in the name of Kimberly Copeland, spouse, as her sole and separate property."

As the debtor himself points out on page 10 of his Motion, "The critical date for determining exemption rights is the Petition Date." In White v. Stump, 266 U.S. 310, 314 (1924), the Supreme Court elaborates on that point when it says:

> When the law speaks of property which is exempt and of rights to exemptions, it of course refers to some point of time. In our opinion this point of time is the one as of which the general estate passes out of the bankrupt's control, and with respect to which the status and rights of the bankrupt, the creditors and the trustee in other particulars are fixed. The provisions before cited show—some expressly and others impliedly that one common point of time is intended and that it is the date of the filing of the petition. The bankrupt's right to control and dispose of the estate terminates as of that time, save only as to 'property which is exempt.' Section 70a. The exception, as its words and the context show, is not of property which would or might be exempt if some condition not performed were performed, but of property to which there is under the state law a present right of exemption—one which withdraws the property from levy and sale under judicial process.

# Exhibit 1

In re    Bruce Dwain Copeland                                          Case No. __LA 05-11844-ES__
                                            Debtor
                                         AMENDED
## SCHEDULE A. REAL PROPERTY

Except as directed below, list all real property in which the debtor has any legal, equitable, or future interest, including all property owned as a cotenant, community property, or in which the debtor has a life estate. Include any property in which the debtor holds rights and powers exercisable for the debtor's own benefit. If the debtor is married, state whether husband, wife, or both own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor holds no interest in real property, write "None" under "Description and Location of Property."

Do not include interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.

If an entity claims to have a lien or hold a secured interest in any property, state the amount of the secured claim. (See Schedule D.) If no entity claims to hold a secured interest in the property, write "None" in the column labeled "Amount of Secured Claim."

If the debtor is an individual or if a joint petition is filed, state the amount of any exemption claimed in the property only in Schedule C - Property Claimed as Exempt.

| Description and Location of Property | Nature of Debtor's Interest in Property | Husband, Wife, Joint, or Community | Current Market Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption | Amount of Secured Claim |
|---|---|---|---|---|
| Single Family Residence, 1541 W. 218th Street, Torrance, CA 90501 | Property in name of Kimberley Copeland, spouse, as her sole and separate property | W | 500,000.00 | 271,857.66 |
| Single Family Residence, 603 W. Hayes, El Reno, OK 73036 | 1/3 interest | - | 3,000.00 | 0.00 |
| Single Family Residence, 607 W. Hayes, El Reno, OK 73036 | Sole owner | - | 3,500.00 | 0.00 |
| Single Family Residence, 402 S. Hadden, El Reno, OK 73036 | sole owner | - | 20,000.00 | 0.00 |

                                                        Sub-Total >    526,500.00    (Total of this page)
                                                        Total >         526,500.00

__0__ continuation sheets attached to the Schedule of Real Property                (Report also on Summary of Schedules)

Copyright (c) 1996-2005 - Best Case Solutions, Inc. - Evanston, IL - (800) 492-8037                                Best Case Bankruptcy

# Exhibit 2

DAVID B. GOLUBCHIK (SBN 185520)
JACQUELINE L. RODRIGUEZ (SBN 198838)
LEVENE, NEALE, BENDER, RANKIN & BRILL L.L.P.
1801 Avenue of the Stars, Suite 1120
Los Angeles, California 90067
Telephone: (310) 229-1234
Facsimile: (310) 229-1244

Attorneys for Debtor and Debtor in Possession

FILED
OCT - 7 2005

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>BRUCE DWAIN COPELAND,<br><br>Dba Copeland & Company,<br>Dba Copeland Enterprises,<br>Dba West American Construction,<br><br>Debtor and Debtor in Possession. | CASE NO. LA 05-11844-ES<br><br>Chapter 11<br><br>**SUPPLEMENTAL BRIEF IN SUPPORT OF DEBTOR'S FIRST SET OF OBJECTIONS TO CLAIMS (Claims Filed By Leroy & Lorna Hart; Claim Filed by Marc G. Shapiro)**<br><br>[Claim Nos. 6, 8, 15 and 19]<br><br>Continued Hearing:<br>DATE:   October 18, 2005<br>TIME:   10:30 a.m.<br>PLACE: Courtroom "1645"<br>             255 E. Temple Street<br>             Los Angeles, CA |

**TO THE HONORABLE ERITHE A. SMITH, AFFECTED CLAIMANTS AND THEIR COUNSEL:**

Bruce Dwain Copeland hereby submits this Supplemental Brief in support of his *First Set of Claim Objections* (the "Claim Objection"), which objects to the allowance of the claims (the "Claims") filed by Lorna and Leroy Hart and Marc Shapiro (collectively referred to herein as the "Claimants"). This Brief will argue that because none of the abstracts of judgments recorded prepetition by the Claimants attached to any real property owned by the Debtor (and to the extent that an abstract of judgment was recorded post petition by Lorna and Leroy Hart, it never attached to property of the estate), none of the Claimants are secured creditors. In addition, this Brief will argue that because the liens created by any recorded abstracts of judgment never attached to any real property interests, all such liens must be declared void, of no effect, and extinguished.

I.

## INTRODUCTION

In January 2003, the Debtor transferred all of his interests in a certain parcel of developed real estate located at 1541 W. 218th Street, Torrance, CA 90501 (the "Real Property") to his wife Kimberly ("K. Copeland") so that the Real Property became her sole and separate property.[1] Thus, during the period from in or around January 2003 through the date of the filing of the Debtor's bankruptcy petition, the Debtor did not have any interests in real property. Almost two years later, in October and November 2004, respectively, Lorna and Leroy Hart ("the Harts") and Marc Shapiro ("Shapiro"), separately, recorded abstracts (the "Abstracts") of judgments that they had obtained against the Debtor with certain county recorders' offices. The Claimants recorded the Abstracts in an attempt to obtain a security interest in any real property owned by the Debtor.

---

[1] Post petition, the Court approved a stipulation by which the Real Property was transferred from Kimberly Copeland to the estate, <u>for the estate's benefit</u>.

2

The Claimants have filed claims against the Debtor's estate by which they maintain that they are secured creditors. The Debtor does not believe that any of the Claimants are secured creditors because, at the time that the Abstracts were recorded, the Debtor did not own any real property. Thus, the Debtor requests that the Claims be allowed (to varying extents) but only as general unsecured claims.[2]

In addition, recently and post petition, it seems that the Harts may have recorded another abstract against the Real Property in an attempt to secure an interest in property of the estate and to circumvent the protections of the automatic stay.[3] As the Court has recently approved a motion to refinance the Real Property and any abstract of judgment recorded by any Claimant post petition (the "Post Petition Liens") clouds title to the Real Property, the Debtor requests that the Court enter an order declaring all of the liens in favor of Claimants to be void.

Based on the foregoing, the Debtor respectfully requests that the Court enter an order declaring the Prepetition Liens and any Post Petition Liens (collectively, "the Liens") to be void.

II.

DISCUSSION

A.   **The Claims Are Not Secured.**

The validity and effect of liens in the bankruptcy process is controlled by applicable state law. Tri-State Livestock Credit Corp. v. Ellsworth (In re Ellsworth), 722 F.2d 1448, 1450 (9th Cir. 1984); Trust Corp. of Mont. v. Pattersen, (In re Copper King Inn, Inc), 918 F.2d

---

[2] Additional relief, such as the disallowance of portions of the Claims has been requested, but that relief will not be addressed in this Brief as the reasons in support of such relief was set forth in the Claim Objection.

[3] The Debtor and his counsel have not been able to determine whether such an abstract was actually recorded as that recording, if completed, is not yet recorded in the online records concerning such recordings in California.

3

1404, 1407 (9th Cir. 1990). In this case, California law governs the validity of Claimants' liens and claims. Under California law, the liens are unperfected, and thus, the Claims are not secured claims.

California Code of Civil Procedure § 697.310(a) provides that "a judgment lien on real property is created [...] by recording an abstract of money judgment with the county recorder." Cal. Code Civ. P. § 697.310. *See also* Cal. Code Civ. Pro. § 697.060(a).[4] In addition, California Code of Civil Procedure § 697.340 provides that "[a] judgment lien on real property attaches to all interests in real property in the county where the lien is created [...]." Cal. Code Civ. P. § 697.340; In re Pederson, 230 B.R. 158, 160 (9th Cir. BAP 1999)(under California law, the recording of a money judgment in a county creates a judgment lien on real property, which attaches to all of the debtor's interests in real property in the county). Thus, in order for a judgment lien to be perfected against a particular real property interest, two steps are necessary. First, the lien must be created by the recording of an abstract of judgment. Cal. Code of Civ. P. §697.310. Second, the lien must *attach* to a real property interest within the county of recording. Cal. Code Civ. P. § 697.340; In re Cady, 266 B.R. 172, 181 (9th Cir. BAP 2001), *aff'd,* 315 F.3d 1121 (9th Cir. 2002)("an abstract of judgment recorded against real property 'attaches only to the extent of the judgment debtor's interest in the property ...'"). Unless the second step occurs, a security interest in real property cannot be perfected. Diamant v. Kasparian (In re Southern California Plastics, Inc.),[5] 208 B.R. 178, 181 (9th Cir. BAP 1997) (a creditor must have a perfected lien in order to have an enforceable secured claim), *overruled on other grounds but affirming conclusion*

---

[4] "An abstract or certified copy of a money judgment of a court of the United States that is enforceable in this state may be recorded to create a judgment lien on real property [...]." Cal. Code Civ. P. § 697.060(a).

[5] Referred to herein as "In re Southern California Plastics I."

4

*cited*, Diamant v. Kasparian,[6] 165 F.3d 1243, 1247; *see also* Federal Deposit Ins. Corp. v. Charlton, 17 Cal. App. 4th 1066, 1070 (App. 2 Dist. 1993), *rehearing denied, review denied* (the recording of an abstract of judgment and attachment to a judgment debtor's real property interest makes a judgment creditor a secured creditor).

Therefore, because the Debtor did not own any real property prepetition to which the Prepetition Liens could attach, and the Prepetition Liens did not attach to any real property interests prepetition, the Claims are unsecured.

**B.    The Liens Are Void.**

A judgment lien that never attached to real property prepetition is unperfected and unsecured. In re Southern California Plastics I, *supra*, 208 B.R. 178, 181; In re Southern California Plastics II, *supra*, 165 F.3d 1243, 1247. A judgment lien is void to the extent it is unsecured. 11 U.S.C. § 506(d). Moreover, an action taken in violation of the automatic stay of Section 362 of the Bankruptcy Code (such as the recording of a lien against property of the estate) is null and void. In re Schwartz, 954 F.2d 569, 571 (9th Cir. 1992).

Therefore, as the Prepetition Liens never attached and are unperfected and unsecured and a creditors' lien is void to the extent that it is unsecured, the Prepetition Liens are void. Furthermore, as a Claimant would violate the automatic stay by filing an abstract of judgment against property of the estate and creating a lien against property of the estate, any Post Petition Liens created thereby would be void. Based on the foregoing, the Court should enter an order finding the Liens to be void, of no effect, and extinguished.

///

///

///

---

[6] Referred to herein as "In re Southern California Plastics II."

5

## III.

## CONCLUSION

For the reasons set forth above, and the reasons set forth in the Claim Objection, the Debtor respectfully requests that the Court enter an order:

(a) sustaining the First Objections in their entirety;

(b) disallowing Claim No. 6 in its entirety;

(c) deeming Claim No. 8 to be replaced by Claim No. 15 and, thus, disallowing Claim No. 8 in its entirety,

(d) disallowing any secured treatment for Claim No. 15,

(e) allowing Claim No. 15 but only as a general unsecured claim in the amount of $772,031.48, and disallowing any other amounts asserted,

(f) disallowing any secured treatment for Claim No. 19,

(g) allowing Claim No. 19 but only as a general unsecured claim in the amount of $300,248.91, and

(h) finding the Prepetition Liens to be void, of no effect and extinguished,

(i) finding any Post Petition Liens, to the extent they were recorded, to be void, of no effect, and extinguished, and

(j) granting such other and further relief as the Court deems just and proper.

Dated: October 7, 2005

BRUCE DWAIN COPELAND

By: _____
David B. Golubchik
Jacqueline L. Rodriguez
LEVENE, NEALE, BENDER, RANKIN &
BRILL L.L.P.
Attorneys for Chapter 11 Debtor and
Debtor in Possession

6

## PROOF OF SERVICE
### STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am an employee in the County of Los Angeles, State of California. I am over the age of 18 and am not a party to the within action; my business address is: 1801 Avenue of the Stars, Suite 1120, Los Angeles, California 90067.

On October 7, 2005, I served the foregoing document(s) described as:

**SUPPLEMENTAL BRIEF IN SUPPORT OF DEBTOR'S FIRST SET OF OBJECTIONS TO CLAIMS (Claims Filed By Leroy & Lorna Hart; Claim Filed by Marc G. Shapiro)**

on the interested parties in this action by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid in the United States mail at Los Angeles, California, addressed as follows:

### SEE ATTACHED

__x__ (By Facsimile) I caused said document to be sent via facsimile to the offices of the addressee so designated on the attached list.

I declare that I am an employee in the offices of a member of the State Bar of this Court at whose direction the service was made.

Executed on October 7, 2005, at Los Angeles, California.

I declare under penalty of perjury pursuant to the laws of the United States of America that the foregoing is true and correct.


Marguerite Hardin

In Re Bruce Dwain Copeland
Case No. La 05-11844-Es

United States Trustee
725 S. Figueroa St, 26th Floor
Los Angeles, Ca 90017
FAX: 213-894-2603

<u>Attorney For Leroy Hart And Lorna Hart</u>
Leslie J. Hedges, Esq.
Law Offices Of Leslie J. Hedges
3681 Crenshaw Boulevard
Los Angeles, Ca 90016
FAX: (323) 290-5011

Marc G Shapiro
C/O Brian C Ostler Esq
558 S Harbor Blvd Ste #1000
Anaheim, Ca 92805-4518
FAX: <u>714) 520-8440</u>

In re: Copeland; Shapiro v. Copeland, Case No. LA05-11844-ES

## PROOF OF SERVICE

STATE OF CALIFORNIA   )
                      )ss.
COUNTY OF ORANGE      )

I am employed in the County of Orange, State of California. I am over the age of eighteen and not a party to the within action; my business address is 558 S. Harbor Blvd., Suite 1000, Anaheim, California 92805.

On November 23, 2005, I served the foregoing documents described as **OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES**, on all interested parties in this action by sending true and correct copies addressed as follows:

Office of the U.S. Trustee              )   David B. Golubchick, Esq.
Attn.: Bruce Schildkraut, Esq.          )   Levene, Neale, Bender, Rankin & Brill, LLP
Ernst & Young Plaza                     )   1801 Avenue of the Stars, Ste 1120
725 South Figueroa Street, 26th Floor   )   Los Angeles, CA 90067
Los Angeles, California 90017-5805      )

[ X ] **VIA U.S. MAIL:** On the date stated above I deposited [a] sealed envelope[s], addressed as stated above, containing the document(s) described above in the United States Mail at Anaheim, California with postage thereon fully prepaid.

[ ] **VIA OVERNIGHT DELIVERY:** On the date stated above I deposited such documents in Brea, California, in a box or other like facility regularly maintained by OVERNIGHT EXPRESS for receipt of overnight deliveries, or delivered to an authorized courier or driver authorized by the express service carrier to receive documents, in a sealed envelope or package designated by said carrier for delivery, with delivery fees paid or provided for, addressed to the person on whom it is to be served at the office address as last given by that person on any document filed in the cause and served on the party making service.

[ ] **BY HAND DELIVERY:** On _____, 2005, at approximately _____.M., I personally handed copies of the document(s) described above directly to _____.

[ X ] **BY FACSIMILE TRANSMITTAL:** After obtaining consent from _N/A_ on _____, 2005, I sent by facsimile the above document on _11-23_, 2005 at _4:52_ M. to the following facsimile machine number(s): (310) 229-1244, to the person(s) stated above, from the following facsimile number: (714) 520-8440, which properly reported the transmission as complete and without error.

I declare under penalty of perjury under the laws of the United States of America that the above is true and correct. Executed this 23rd day of NOVEMBER, 2005, at Anaheim, California.

Brian C. Ostler, Sr.

C:\MyFiles\MF\ShapiroCopelandBKPOS.wpd

---

**1**

In re: Copeland; Shapiro v. Copeland, Case No. LA05-11844-ES: **PROOF OF SERVICE.**

```
TRANSMISSION VERIFICATION REPORT

                                        TIME  : 11/23/2005 17:04
                                        NAME  : OSTLER LAW OFFICES
                                        FAX   : 7145208440
                                        TEL   : 7145359900
                                        SER.# : BROE4J600857


DATE,TIME               11/23 17:00
FAX NO./NAME            913102291244
DURATION                00:03:39
PAGE(S)                 16
RESULT                  OK
MODE                    STANDARD
                        ECM
```

In re: Copeland; Shapiro v. Copeland, Case No. LA05-11844-ES

**PROOF OF SERVICE**

STATE OF CALIFORNIA )
                    )ss.
COUNTY OF ORANGE    )

I am employed in the County of Orange, State of California. I am over the age of eighteen and not a party to the within action; my business address is 558 S. Harbor Blvd., Suite 1000, Anaheim, California 92805.

On November 23, 2005, I served the foregoing documents described as **OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES**, on all interested parties in this action by sending true and correct copies addressed as follows:

Office of the U.S. Trustee                )    David B. Golubchick, Esq.
Attn.: Bruce Schildkraut, Esq.             )    Levene, Neale, Bender, Rankin & Brill, LLP
Ernst & Young Plaza                        )    1801 Avenue of the Stars, Ste 1120
725 South Figueroa Street, 26th Floor      )    Los Angeles, CA 90067
Los Angeles, California 90017-5805         )

[ X ] **VIA U.S. MAIL:** On the date stated above I deposited [a] sealed envelope[s], addressed as stated above, containing the document(s) described above in the United States Mail at Anaheim, California with postage thereon fully prepaid.

[ ] **VIA OVERNIGHT DELIVERY:** On the date stated above I deposited such documents in Brea, California, in a box or other like facility regularly maintained by OVERNIGHT EXPRESS for receipt of overnight deliveries, or delivered to an authorized courier or driver authorized by the express service carrier to receive documents, in a sealed envelope or package designated by said carrier for delivery, with delivery fees paid or provided for, addressed to the person on whom it is to be served at the office address as last given by that person on any document filed in the cause and served on the party making service.

[ ] **BY HAND DELIVERY:** On _____, 2005, at approximately ____.M., I personally handed copies of the document(s) described above directly to _____.

[ X ] **BY FACSIMILE TRANSMITTAL:** After obtaining consent from N/A on _____, 2005, I sent by facsimile the above document